UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00028-FDW

| | |
|---|---|
| KALVIN NATHANIEL MCBRIDE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>NORA HUNT, et al., )<br>)<br>Respondents. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Kalvin Nathaniel McBride's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, according to his Petition, pled guilty in Mecklenburg County Superior Court on November 15, 2007, to second-degree murder and four counts of robbery with a dangerous weapon. (Pet. 1, Doc. No. 1.) He was sentenced to a minimum of 193 months and a maximum of 250 months in prison. (Pet. 1.) He did not file a direct appeal. (Pet. 2.)

On July 19, 2016, Petitioner filed a motion for appropriate relief ("MAR") in the Mecklenburg County Superior Court. (Pet. 3.) It was denied on September 16, 2016. (Pet. 3.) He filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR; it was denied on October 21, 2016. (Pet. 3-4.)

Petitioner filed the instant habeas Petition in this Court on January 13, 2017, when he placed it in the prison mailing system. (Pet. 14.) After conducting an initial review, the Court notified Petitioner that his habeas Petition appeared to be untimely under 28 U.S.C. §

1

2244(d)(1)(A), and provided him an opportunity to explain why it should not be dismissed as such.  (Doc. No. 5.)  Petitioner has responded (Doc. No. 6), and this matter is ripe for review.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.  Rule 4, 28 U.S.C.A. foll. § 2254.  In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d).  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue.  Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The limitations period is tolled during the pendency of a properly filed state post-

conviction action.  28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on November 15, 2007, when Petitioner was sentenced.  To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals.  See N.C. R. App. P. 4(a)(2).  Because he did not file a direct appeal (Pet. 2), Petitioner's conviction became final on or about November 29, 2007, when the time for seeking direct review expired.  See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it finally expired on or about November 29, 2008.  Although the limitations period is tolled while a properly filed post-conviction action is pending in the state courts, see § 2244(d)(2), Petitioner did not file a state post-conviction action until July 19, 2016, more than five years after the statute of limitations expired.  (Pet. 3.)  That MAR neither resurrected nor restarted the statute of limitations.  See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000).  Thus, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Petitioner asserts, without further explanation, that his habeas Petition is timely under §§ 2244(d)(1)(A) and (D).  (Pet'r's Resp. 1, Doc. No. 6.)  As demonstrated, however, the Petition clearly is untimely under § 2244(d)(1)(A).  Petitioner's assertion that the Petition is timely under § 2244(d)(1)(D) is equally without merit.

The statute of limitations begins to run under § 2244(d)(1)(D) on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Petitioner claims that his guilty plea was unknowing, involuntary, and unintelligent because his attorney misled him about the sentence he would receive; that errors

3

occurred during his sentencing proceeding; that his sentence was grossly disproportionate under the Eighth Amendment; and that counsel's assistance was ineffective in the context of Petitioner's plea and sentencing. The factual predicates for all of these claims were known, should have been known, or were discoverable by Petitioner on or about November 15, 2007, when he was sentenced. Consequently, the Petition is not timely under § 2244(d)(1)(D).

Petitioner also appears to believe that he can obtain a review of his claims under Martinez v. Ryan, 566 U.S. 1 (2012), but he is mistaken. In Martinez, the Supreme Court held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default [of claims] of ineffective assistance at trial." Id. at 9. As an initial matter, Petitioner indicates that he exhausted his ineffective assistance of trial counsel claim in the state courts. (Pet. 5-6, 10-11.) Consequently, his claim is not procedurally defaulted on federal habeas review, and Martinez is inapplicable. See id. Furthermore, Martinez does not serve to toll the statute of limitations. See Lambrix v. Sec'y, Florida Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in Martinez 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations.'" (citations omitted)). In short, Martinez provides no basis for determining whether a habeas petition is timely.

Finally, Petitioner makes no effort to explain why it took him more than nine years from his conviction to file a federal habeas petition. Accordingly, there is no basis for the Court to apply equitable tolling to the statute of limitations in this case. See Holland v. Florida, 560 U.S. 631, 649 (2010) (Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted))).

## IV. CONCLUSION

The Petition for Writ of Habeas Corpus is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to tolling of the statute of limitations under either statutory or equitable principles. As such, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

5

**SO ORDERED.**

Signed: July 26, 2017

Frank D. Whitney
Chief United States District Judge